## HOLDEN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5151.

1. **Prostitution** ⊜⇒3—Indictment for transportation, in violation of White Slave Traffic Act June 25, 1910, § 2, held sufficient (18 USCA § 398).

Indictment for transporting woman in interstate commerce for purpose of prostitution, in violation of White Slave Traffic Act June 25, 1910, § 2 (18 USCA § 398), *held* sufficient in scope and detail.

2. **Prostitution** ⊜⇒1—White Slave Traffic Act can be violated by transportation in privately owned automobile (18 USCA § 398).

Relative to violation of White Slave Traffic Act, § 2 (18 USCA § 398), it is immaterial that the transportation is in a privately owned automobile.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Bert Holden was convicted of violation of the White Slave Traffic Act, § 2, and he brings error. Affirmed.

Bert Holden, in pro. per.

John B. Wright, U. S. Atty., of Tucson, Ariz., and G. Guy Axline, Asst. U. S. Atty., of Phœnix, Ariz.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Plaintiff in error, defendant below, was convicted upon two counts charging offenses defined by section 2 of the White Slave Traffic Act of June 25, 1910 (36 Stat. 825 [18 USCA § 398]). In substance, the first charge was that on August 6, 1926, by means of an automobile, he transported a woman named Lulu Olin Holden from California to Arizona, for the immoral purpose of having illicit sexual intercourse with her. Referring to the same transaction, the second count charges that it was defendant's purpose that the woman should practice prostitution. The judgment imposes the same punishment under each count, the terms of imprisonment to run concurrently, and we may therefore restrict consideration to the second count. Moreover, inasmuch as no part of the evidence or other proceedings at the trial has been brought up, certain of the questions discussed must be ignored.

[1] That the indictment is sufficient, both in scope and detail, we have no doubt. It sets forth the name of the woman, the city from which and the city to which she was trans-ported, and the date, and alleges that defendant transported her in interstate commerce over the public highways of California and Arizona for the purpose of prostitution; "that is to say, that she * * * should have illicit sexual intercourse with divers and sundry men * * * for hire."

[2] The only other point possibly appearing on the face of the record is that the transportation was by means of a privately owned automobile. But it is well settled that this is an immaterial consideration. Wilson v. U. S., 232 U. S. 563, 34 S. Ct. 347, 58 L. Ed. 728; Hart v. U. S. (C. C. A.) 11 F.(2d) 502; Sloan v. U. S. (C. C. A.) 279 F. 563.

The judgment is affirmed.